UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RENE SILVEIRA,<br><br>Plaintiff,<br><br>v.<br><br>SIX UNKNOWN NAMES AGENTS, et al.,<br><br>Defendants.<br>_____/ | CASE NO.   1:11-cv-00703-GBC (PC)<br><br>COMPLAINT DISMISSED WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

Plaintiff William Rene Silveira ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights action. Plaintiff states that this action is pursuant to 42 U.S.C. § 1983, which is possible if the Six Unknown Names Agents are state agents. However, because Plaintiff is a federal prisoner, this action is also pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed this action May 2, 2011. (ECF No. 1.) No other parties have appeared.

1

Plaintiff's Complaint is now before the Court for screening.  For the reasons stated below, the Court finds that Plaintiff has not stated a claim upon which relief may be granted.

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

////
/////

### III. **SUMMARY AND ANALYSIS**

Plaintiff's Complaint is a one-page list of legal terms, examples include: a privilege, a remedy, an order, a recover of damages, vacate sentence, motion to proceed in forma pauperis, motion for a hearing, motion for a U.S. citizenship card, motion for a pardon, expungement of criminal records, no undeliverable mail, no conspiracy, writ of habeas, writ of mandamus, etc. Plaintiff does not state any allegations of any violations by any Defendants. Other than to ask for a pardon from the President of the United States of America, Plaintiff does not name any Defendants in the statement of the case.

Principally, and assuming that there is some kind of civil rights violation allegation, Plaintiff fails to state where such violation occurred. Because of this, the Court is unable to determine from Plaintiff's Complaint whether this action was filed in the correct venue. Plaintiff is currently being held at the Federal Correctional Institute in Big Springs, Texas. If the alleged violations occurred at that facility, then this is not the proper venue for Plaintiff's action.

Pursuant to 28 U.S.C. § 1391(b):

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

If Plaintiff chooses to amend, he must do so only if he has a good faith belief that the Eastern District of California is the proper venue for this action.

## IV.  **CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to establish proper venue. The Court will grant Plaintiff leave to amend his Complaint. In his Amended Complaint, Plaintiff must provide more detail including, but not limited to: where the alleged violations occurred, a description of the violations, and linkage between the violations and the named Defendants.

The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 390, 934 (9th Cir. 2002).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed for failure establish proper venue, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-703-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: May 6, 2011

UNITED STATES MAGISTRATE JUDGE

5