# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RENE SILVEIRA,<br><br>             Plaintiff,<br><br>   v.<br><br>SIX UNKNOWN AGENTS, et al.,<br><br>             Defendants.<br>_____/ | CASE NO.   1:11-cv-00703-AWI-GBC (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>CLERK TO CLOSE CASE |

Plaintiff William Rene Silveira ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On June 20, 2011, the Court mailed Plaintiff an Order to Show Cause. (ECF No. 3.) Plaintiff was given thirty days to respond. (Id.) On July 14, 2011, the Court's Order was returned as undeliverable.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned and Plaintiff has not notified the Court of a new address.

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>Carey v. King, 856 F.2d 1439</u> (9th Cir. 1988).

Given the Court's inability to communicate with Plaintiff, dismissal is the only appropriate action. Moreover, the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, and the risk of prejudice to Defendants in allowing this case to linger greatly outweigh the policy favoring disposition of cases on the merits.

Accordingly, it is hereby ORDERED that the instant action be dismissed without prejudice for failure to prosecute and/or obey a Court order.

IT IS SO ORDERED.

Dated:   September 27, 2011                              _____
                                                         CHIEF UNITED STATES DISTRICT JUDGE